UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| ADVOCACY CENTER | * | CIVIL ACTION NO. _____ |
| | * | |
| Plaintiff | * | |
| | * | |
| | * | SECTION _____ |
| VS. | * | |
| | * | |
| | * | JUDGE _____ |
| LOUISIANA TECH UNIVERSITY and | * | |
| PRESIDENT LESLIE GUICE, | * | |
| | * | |
| Defendants | * | |
| | * | |

## COMPLAINT

### I. INTRODUCTION

1. The Advocacy Center brings this action complaining that public buildings, paths of travel, and places of public accommodation on Louisiana Tech University's (LA Tech) campus are not accessible to persons with disabilities who have mobility and vision impairments. Plaintiff claims that Defendants' failure to remedy this situation violates Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 *et seq.* (hereinafter "the ADA"), and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 (hereinafter "the Rehabilitation Act"). Plaintiff asserts that LA Tech's campus and programs are not accessible to persons with disabilities and seeks declaratory judgment that Defendants are in violation of these statutes; a permanent injunction ordering they come into compliance; and attorneys' fees and costs.

### II. PARTIES

2. Plaintiff Advocacy Center is the designated Protection and Advocacy (P&A) system for individuals with disabilities in the State of Louisiana pursuant to the Developmental Disabilities Assistance and Bill of Rights Act of 2000 ("PADD Act"), 42 U.S.C. §§ 15001 *et seq.*; the Protection and Advocacy of Individual Rights Program ("PAIR Act"), 29 U.S.C. § 794e; and the Protection and Advocacy for Individuals with Mental Illness Act ("PAIMI Act"), 42 U.S.C. §§ 10801 *et seq.* (hereinafter collectively referred to as the "P&A Acts"). These statutes mandate that Plaintiff work to protect the rights of individuals with disabilities. Plaintiff Advocacy Center of Louisiana is a Louisiana non-profit corporation designated as an "eligible system" as those terms are used and defined in the P&A Acts.

3. Defendant Louisiana Tech University (hereinafter "LA Tech") is a public institution of higher education that is located in Ruston, Louisiana. LA Tech is a recipient of federal financial assistance, as that term is used in the Rehabilitation Act.

4. Defendant Leslie Guice is the President of LA Tech and is the head of the university pursuant to La. Rev. Stat. § 17:3303. He is sued in his official capacity only.

### III. JURISDICTION

5. This court has jurisdiction over this action pursuant to 28 U. S. C. §1331 because it arises under Title II of the ADA and the Rehabilitation Act, both of which are federal statutes.

6. Venue is appropriate in this district pursuant to 28 U.S.C.A. §1391(b)(2) because this is the judicial district in which the events giving rise to the claim have occurred.

### IV. FACTS

7. Plaintiff received several requests for assistance from students at LA Tech, complaining that LA Tech's campus is not architecturally accessible. Plaintiff also received

several requests from individuals attending LA Tech related to disability discrimination not having to do with architectural accessibility.

8. Plaintiff was informed of one student an individual with cerebral palsy who uses a power wheelchair and a service animal, who experiences great difficulty traveling between buildings, opening many of the doors, and using the restrooms on campus.

9. Plaintiff was also made aware of a student who is vision impaired who fell as the result of an uneven sidewalk on LA Tech's campus.

10. Over the course of two days, Plaintiff conducted a site inspection of the portions of the LA Tech campus that were identified as inaccessible by student reporters. This two-day investigation revealed numerous barriers to accessibility for mobility and vision-impaired individuals on the LA Tech campus.

11. Plaintiff relied upon the standards set forth in the 2010 ADA Accessibility Guidelines (hereinafter "ADAAG") pursuant to 28 C.F.R. 35.151; and 36 C.F.R. part 1191, appendices B and D during the inspection.

12. During the site visits, Plaintiff inspected the following buildings on the LA Tech campus:

   i. College of Business
   ii. Davison Hall
   iii. Barnes and Noble Bookstore
   iv. George T. Madison Hall
   v. Prescott Memorial Hallway
   vi. Tolliver Hall/Post Office
   vii. Studen Center

      viii.   Wyly Tower of Learning

        ix.   Keeny Hall

13. The building inspections revealed the door weight on exterior and interior doors of the buildings did not meet the ADAAG Standards.

14. The inspectors also reviewed the sidewalks and paths of travel between many of the buildings on campus and crossing roads. The inspection revealed that many sidewalks are in disrepair creating hazardous conditions in violation of the ADA and ADAAG Standards.

15. LA Tech has authority over all walkways between buildings and all sidewalks on campus.

16. The inspection by Plaintiff also revealed that many bathrooms on campus are inaccessible to students and Advocacy Center employees with mobility impairments. In surveying the bathrooms in the aforementioned buildings, Advocacy Center staff found a number of features that do not comport with ADAAG requirements, including but not limited to:

    i.   The height of the soap and paper towel dispensers over the sink;

   ii.   The weight of the door to enter and exit the restroom;

  iii.   The depth of counters to reach faucets at the sink;

  iv.   The insufficient space within the restroom for a power wheelchair to turn around;

   v.   The insufficient space within the accessible stall for the power wheelchair to turn around;

17. Upon information and belief, the football stadium and field are inaccessible to any individual with a mobility impairment because they are only accessible via stairs.

18. The second floor of the Lambright Sports and Wellness Center is entirely inaccessible to individuals with mobility impairments because there is no elevator to gain access to the second floor, only stairs.

19. Plaintiff Advocacy Center has a federal statutory mandate to serve individuals with disabilities, which includes conducting investigations relating to allegations of abuse, neglect, or inaccessibility.

20. Advocacy Center serves clients around the state, including clients in Lincoln Parish where LA Tech is located. As part of providing services to clients, it is necessary for Advocacy Center staff to meet with clients in person. At times, it is necessary for the client to meet Advocacy Center staff on the LA Tech campus.

21. The inaccessibility of LA Tech directly impacts the Advocacy Center, which employs numerous individuals with disabilities, including individuals with mobility impairments. In the role of P&A for Louisiana, Advocacy Center employees must meet with clients in-person in order to provide legal and advocacy services and conduct in-person outreach and trainings across the state regarding the rights of people with disabilities and policies and laws that may impact their lives. Advocacy Center employees with mobility impairments are unable to safely meet with clients on the LA Tech campus.

22. The Advocacy Center, as the P&A for Louisiana, has an obligation to investigate allegations of abuse and neglect of individuals with disabilities. The barriers to accessibility on LA Tech's campus further impede Advocacy Center staff from fulfilling the requirements provided by federal mandate to protect those individuals with disabilities who allege inaccessibility at LA Tech or other issues that necessitate that Advocacy Center staff meet with the individual in person. Additionally, accessibility and barriers to accessibility are priorities for

the federal grant funding that Advocacy Center receives to provide services to individuals with disabilities.

23. Due to the inaccessibility of the campus, the Advocacy Center must ensure that staff with mobility impairments are not assigned cases in which they are required to meet with clients at inaccessible areas within the LA Tech campus, less Advocacy Center place its own employees at risk.

24. Advocacy Center has dedicated significant resources to identifying and counteracting the effects of Defendants' violations of the ADA and Rehabilitation Act. Such resource expenditure includes Advocacy Center's expenditure of staff time and organizational funds to identify Defendants' unlawful violations of the ADA and Rehabilitation Act, to confirm Defendants' unlawful violations of the ADA and Rehabilitation Act through inspection and to hold meetings with non-legal staff about what advocacy steps that need be taken to address the ongoing inaccessibility of the campus.

25. As a result of the violations alleged in this Complaint, Advocacy Center has had to divert significant resources to counteract LA Tech's conduct. These diversions include, but are not limited to, sending employees located in New Orleans to investigate complaints on the LA Tech campus and corresponding with Defendants about the ongoing inaccessibility of its campus. This diversion of resources directly resulted in delays of investigations of abuse and neglect in facilities and institutions across Louisiana.

26. Advocacy Center's conduct as described herein would have not occurred or been necessary but for Defendants' violations of the ADA and the Rehabilitation Act.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION – AMERICANS WITH DISABILITIES ACT

27. Plaintiff re-alleges and incorporates each foregoing paragraph.

28. Title II of the ADA provides that "… no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

29. Defendants have violated and continue to violate the ADA at LA Tech by failing to make the paths of travel, doors, bathrooms, and buildings accessible to persons with disabilities, and thereby excluding from participation, denying benefits, and otherwise discriminating against individuals with disabilities, on the basis of disability, in the programs, services, and activities offered on campus.

30. Defendants have caused the Advocacy Center to divert funds and staff to serve the needs of clients on LA Tech's campus.

31. Additionally, the burdens created by Defendants on the Advocacy Center by failing to ensure LA Tech is accessible include impeding the Advocacy Center's ability to carry out the statutory obligations owed to individuals with disabilities that are located on LA Tech's campus. The Advocacy Center is unable to fully carry out the priorities necessary due to accessibility issues on LA Tech's campus. The ability to physically access public buildings and areas is one of the priorities of the Advocacy Center, which includes enforcing the ADA and ensuring there are no barriers to access.

32. Defendants have violated and continue to violate the ADA by failing to operate each of its services, programs, and activities, so that the programs, services, and activities, when

viewed in their entirety, are readily accessible to and usable by individuals with disabilities. 28 C.F.R. 35.150(a).

### SECOND CAUSE OF ACTION – REHABILITATION ACT

33. Plaintiff re-alleges and incorporates each foregoing paragraph.

34. The Rehabilitation Act of 1973 is binding on Defendant LA Tech by virtue of Defendant's receipt of federal financial assistance paid to Defendant on behalf of its students.

35. Since 1973, LA Tech has been under a duty to "operate each program or activity so that the program or activity, when viewed in its entirety, is readily accessible to and usable by [individuals with disabilities]." 28 C.F.R. §41.57(a).

36. Since 1973, LA Tech has had a further obligation not to discriminate against individuals with disabilities under any of its programs, activities, or services.

37. Defendants have failed to provide individuals with disabilities with benefits and services that are as effective in affording equal opportunity to gain the same benefit as members of the community who do not have disabilities.

38. Defendants' actions and failures to act, described above, have violated, and continue to violate, the Rehabilitation Act of 1973, as amended.

### VI. PRAYER FOR RELIEF

39. Because individuals with disabilities will continue to experience unlawful discrimination as a result of Defendant's failure to comply with Title II of the ADA and the Rehabilitation Act, injunctive relief is necessary in order to require Defendants to provide non-discriminatory programs, services, and activities which are readily accessible to, and usable by, persons with disabilities.

40. Plaintiff is also entitled to a declaratory judgment concerning each of Defendants' statutory violations and specifying the rights of Plaintiff and other person with disabilities as to Defendants' program, activities, and services.

41. Therefore, Plaintiff requests that the Court:

A. Issue a permanent injunction, requiring Defendants, their agents, servants, and employees, and all persons in active concert with Defendants, to make all necessary modifications to LA Tech's programs, services, activities, and architectural barriers that prevent ready access to, and use by, individuals with disabilities and enjoining them from violating Title II of the ADA and the Rehabilitation Act by discriminating against individuals with disabilities in the use of Defendant's programs, services, and activities;

B. Enter a declaratory judgment, specifying Defendants' statutory violations and declaring the rights of individuals with disabilities as to Defendants' programs, services, and activities;

C. Find that Plaintiff is the prevailing party in this case and award any attorney fees, costs and expenses; and

D. Order such other relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/Amitai Heller
Amitai Heller, La. Bar No. 36495
Melanie Bray, La. Bar No. 37049
Ronald Lospennato, La. Bar No. 32191
Jonathan Trunnell, La. Bar No. 36956
Advocacy Center
8325 Oak Street
New Orleans, Louisiana 70118
Phone: (504) 522-2337, ext. 116
Facsimile: (504) 522-5507
aheller@advocacyla.org