UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| ADVOCACY CENTER, | * | CIVIL ACTION NO. 3:18-CV-934-TAD-KLH |
| Plaintiff | * | |
| | * | JUDGE DOUGHTY |
| VS. | * | |
| | * | MAGISTRATE JUDGE HAYES |
| LOUISIANA TECH UNIVERSITY and PRESIDENT LESLIE GUICE, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**FIRST AMENDED COMPLAINT**

**I. INTRODUCTION**

1. The Advocacy Center brings this action on its own behalf, on behalf of its employees, and on behalf of persons with visual and mobility impairments who attend, reside on the campus of, or seek access to Louisiana Tech University (LA Tech). Plaintiff complains that public buildings, paths of travel, and places of public accommodation on LA Tech's campus are not accessible to persons with disabilities. Plaintiff claims that Defendants' failure to remedy this situation violates Title II of the Americans with Disabilities Act, 42 U.S.C. §12131 *et seq*. (hereinafter "the ADA"), and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 (hereinafter "the Rehabilitation Act"). Plaintiff seeks declaratory judgment that Defendants are in violation of these statutes; a permanent injunction ordering they come into compliance; and attorneys' fees and costs.

## II. PARTIES

### A. *Advocacy Center*

2. Plaintiff Advocacy Center is the designated Protection and Advocacy (P&A) system for individuals with disabilities in the State of Louisiana pursuant to the Developmental Disabilities Assistance and Bill of Rights Act of 2000 (PADD), 42 U.S.C. §§ 15001, *et seq.*; the Protection and Advocacy of Individual Rights Program (PAIR), 29 U.S.C. § 794e; and the Protection and Advocacy for Individuals with Mental Illness Act (PAIMI), 42 U.S.C. §§ 10801, *et seq.* (hereinafter collectively referred to as the "P&A Acts"). The P&A Acts mandate that Plaintiff protect and advocate for the rights of individuals with disabilities and, when appropriate, pursue legal, administrative, and other remedies to protect those rights. Plaintiff is a Louisiana non-profit corporation designated as an "eligible system" as those terms are used and defined in the P&A Acts.

3. In order to fulfill its statutory mandate to protect and advocate for the rights of individuals with disabilities, the Advocacy Center has established priorities. Those priorities are the Advocacy Center's commitments to its funding agencies in the federal government regarding the scope of work for a fiscal year.

4. For many years, including for the 2016, 2017, 2018, and 2019 fiscal years, the Advocacy Center has made a commitment to the federal government that it will use funds authorized by the PAAT, PABSS, PADD, PAIMI, PAIR, PATBI, and PAVA programs that one of its priorities will be the "[e]limination of barriers to physical and programmatic access to critical programs, services, and housing" for persons qualified for those programs.

5. The Advocacy Center has determined that access to higher education is a critical program and service for persons with disabilities.

6. For many years, including during the 2016, 2017, 2018, and 2019 fiscal years, the Advocacy also has made a commitment to the federal government that it will use funds authorized by the PAAT, PABSS, PADD, PAIMI, PAIR, PATBI, and PAVA programs to assist persons with disabilities, including persons with disabilities who attend, visit, and are employed by institutions of higher such education such as LA Tech, with a broad range of issues, including but not limited to:

- Ensuring that they have access to necessary healthcare and supports;
- Eliminating barriers to the exercise of autonomy;
- Ensuring that students with disabilities have access to Louisiana Rehabilitation Services; and
- Eliminating barriers to voting and increasing knowledge of voting rights;
- Ensuring that they have information about their rights and the services of the Advocacy Center.

7. In carrying out its priorities, the Advocacy Center provides protection and advocacy services to persons with disabilities throughout the state, including individuals in Lincoln Parish, where LA Tech is located. As part of providing services to persons with disabilities, it is generally necessary for Advocacy Center staff to meet with them in person where they reside, work, or are employed, including on the grounds of and in the buildings that comprise the LA Tech campus.

8. Over the past three years, Advocacy Center has received, at minimum, forty-six requests for services related to alleged rights violations at institutions of higher education in Louisiana.

9. While some of these forty-six higher education-related requests for service related to architectural barriers to physical access, others concerned a diverse swath of issues within the ambit of Advocacy Center's priorities. Some examples of the service requests include individuals alleging disability-based harassment and bullying, discrimination in school grading and extra-curricular programming, the need for assistive technology on campus, and issues related to provision of rehabilitative services on campus.

10. In order to determine whether individuals with disabilities who have contacted us for assistance are being subjected barriers to physical and programmatic access, or other issues that restrict their rights, the Advocacy Center employees frequently conduct investigations, including site visits to programs, including college campuses, around the state.

11. The Advocacy Center also has an ongoing obligation to investigate allegations of abuse and neglect of individuals with disabilities.

12. In its role as the P&A for Louisiana, Advocacy Center employees have a continuing obligation to meet with clients in-person in order to provide legal and advocacy services. Advocacy Center is also obligated to conduct in-person outreach and trainings across the state regarding the rights of people with disabilities and policies and laws that may impact their lives. Advocacy Center's policy division is an active participant in community meetings, as well as outreach and trainings related to subjects such as voting rights, emergency preparedness and disaster response for people with disabilities, competitive employment, and the availability of affordable and accessible housing.

13. The Advocacy Center has extremely limited resources to carry out its statutory obligations. Faced with Defendants' unlawful violations of the ADA and Rehabilitation Act, the Advocacy Center has been forced to allocate a significant proportion of its limited resources to

identifying and counteracting the effects of Defendants' violations of the ADA and Rehabilitation Act. Such resource expenditure includes Advocacy Center's expenditure of staff time and organizational funds to identify Defendants' unlawful violations of the ADA and Rehabilitation Act, to confirm Defendants' unlawful violations of the ADA and Rehabilitation Act through inspection and to hold meetings with non-legal staff about advocacy steps that need be taken to address the ongoing inaccessibility of the campus.

### B. *Louisiana Tech University*

14. Defendant Louisiana Tech University (hereinafter "LA Tech") is a public institution of higher education that is located in Ruston, Louisiana. LA Tech is subject to Title II of the ADA because it is a "public entity", 42 U.S.C. §12132, and to the Rehabilitation Act because it is a recipient of federal financial assistance. 29 U.S.C. §794(a).

15. Defendant Leslie Guice is the President of LA Tech and is the head of the university pursuant to La. Rev. Stat. § 17:3303. He is sued in his official capacity only.

### III. JURISDICTION

16. This court has jurisdiction over this action pursuant to 28 U.S.C. §1331 because it arises under Title II of the ADA and the Rehabilitation Act, both of which are federal statutes.

17. Venue is appropriate in this district pursuant to 28 U.S.C.A. §1391(b)(2) because this is the judicial district in which the events giving rise to the claim have occurred.

### IV. STATEMENT OF FACTS REGARDING LA TECH'S FAILURE TO COMPLY WITH THE ADA AND REHABILITATION ACT

18. Plaintiff received several requests for assistance from students at LA Tech, complaining that LA Tech's campus is not architecturally accessible. Plaintiff also received

5

several requests from individuals attending LA Tech related to disability discrimination not having to do with architectural accessibility.

19. Plaintiff was informed that a student with cerebral palsy, who uses a power wheelchair and a service animal, is experiencing great difficulty traveling between buildings, opening many of the doors, and using the restrooms on campus. These difficulties are directly attributable to the lack of accessible pathways between building and accessible feature in the restrooms.

20. Plaintiff was also made aware of a student who is vision impaired who fell as the result of an uneven sidewalk on LA Tech's campus.

21. As a result of these complaints, Plaintiff, over the course of two days, conducted a site inspection of the portions of the LA Tech campus that were identified as inaccessible by student reporters. This two-day investigation revealed numerous barriers to accessibility for mobility- and vision-impaired individuals on the LA Tech campus.

22. In conducting this inspection, Plaintiff utilized the standards set forth in the 2010 ADA Accessibility Guidelines (hereinafter "ADAAG") pursuant to 28 C.F.R. 35.151; and 36 C.F.R. part 1191, appendices B and D during the inspection.

23. During the inspection, Plaintiff found the following buildings on the LA Tech campus to violate the ADAAG:

   i. College of Business
   ii. Davison Hall
   iii. Barnes and Noble Bookstore
   iv. George T. Madison Hall
   v. Prescott Memorial Hallway

      vi. Tolliver Hall/Post Office

     vii. Student Center

    viii. Wyly Tower of Learning

      ix. Keeny Hall

24. Exterior and interior doors on the buildings were heavier than the ADAAG Standards require.

25. Signage on and inside most, if not all, the buildings and paths of travel did not meet the ADAAG Standards.

26. The inspectors also reviewed the sidewalks, crossing roads, and paths of travel between many of the buildings on campus. Many of the sidewalks, crossing roads, and paths of travel are in disrepair, creating hazardous conditions in violation of the ADA and ADAAG Standards.

27. LA Tech has authority over all walkways between buildings and all sidewalks on campus.

28. Many bathrooms on campus are inaccessible to individuals with disabilities, including students, faculty, visitors, and Advocacy Center employees with mobility impairments. In surveying the bathrooms in the aforementioned buildings, Advocacy Center staff found a number of features that do not comport with ADAAG requirements, including but not limited to:

       i. The height of the soap and paper towel dispensers over the sink;

      ii. The weight of the door to enter and exit the restroom;

     iii. The depth of counters to reach faucets at the sink;

     iv. The insufficient space within the restroom for a power wheelchair to turn around;

      v. The insufficient space within the accessible stall for the power wheelchair to turn around;

29. Upon information and belief, the football stadium and field are inaccessible to most individuals with a mobility impairment because they are only accessible via stairs.

30. The second floor of the Lambright Sports and Wellness Center is entirely inaccessible to individuals with mobility impairments because there is no elevator to gain access to the second floor, only stairs.

31. The inaccessibility of LA Tech directly impacts the Advocacy Center, which employs numerous individuals with disabilities, including individuals with mobility impairments. Advocacy Center employees with mobility impairments are unable to safely meet with clients or attend meetings on the LA Tech campus.

32. Advocacy Center employee Jonathan Trunnell is a person who uses a manual wheelchair. Mr. Trunnell is employed as a staff attorney and is representing Plaintiff in this instant case. Mr. Trunnell conducted an outreach visit on the LA Tech campus, which included posting flyers that sought to solicit public input and identify the scope of the inaccessibility of the LA Tech campus. During Mr. Trunnell's visit to LA Tech he was unable to enter numerous buildings, including the post office and the Howard Center for the Performing Arts. He was forced to take several highly circuitous and inconvenient paths due to lack of sidewalks, lack of curb cuts, and stairs obstructing walking paths. This inaccessible path of travel caused Mr. Trunnell to spend additional time effectuation the completion of his work. He also noticed and was unable to make use of inaccessible green spaces on campus.

33. Advocacy Center employee Ashley Volion uses a power wheelchair. Ms. Volion is employed as an advocate. One of Ms. Volion's job duties is to perform outreach and training

regarding voting and other rights to students with disabilities on college campuses around the state, including in Northern Louisiana.

34. The barriers to accessibility described in this complaint impede Advocacy Center staff from fulfilling the requirements provided by federal mandate to protect those individuals with disabilities who allege inaccessibility at LA Tech or other issues that necessitate that Advocacy Center staff meet with the individual in person.

35. As a result of the violations alleged in this Complaint, the Advocacy Center has had to divert significant resources to counteract LA Tech's conduct. These diversions include, but are not limited to, sending employees located in New Orleans to investigate complaints on the LA Tech campus, soliciting public input from frequenters to the LA Tech campus, and corresponding with Defendants about the ongoing inaccessibility of its campus. This diversion of resources directly impedes the ability of the Advocacy to fulfill its other responsibilities under the P&A statutes.

36. The Advocacy Center is responsible for ensuring and insuring the safety of its employees while in the field. Advocacy Center maintains workers compensation and health care for its employees, the rates of these benefits may increase if staff members are injured on the job. Requiring staff members with physical disabilities to visit the LA Tech campus exposes the Advocacy Center to potential liability and increased costs.

37. Due to the inaccessibility of the LA Tech campus, and the fact that many of these inaccessible features place them at risk of serious injury, the Advocacy Center must ensure that staff with mobility impairments are not assigned cases in which they are required to meet with clients at inaccessible areas within the LA Tech campus.

38. Advocacy Center's conduct as described herein would have not occurred or been necessary but for Defendants' violations of the ADA and the Rehabilitation Act.

39. Defendants were first notified of most of the campus-wide violations alleged in this Complaint by letter sent to Defendants on June 15, 2017.

40. Shortly thereafter, the parties engaged in a lengthy correspondence, wherein a resolution to the alleged violations was sought.

41. Despite Plaintiff's best efforts and Defendants' knowledge of the alleged violations, still remain out of compliance with the requirements of the ADA and Rehabilitation Act.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION – AMERICANS WITH DISABILITIES ACT

42. Plaintiff re-alleges and incorporates each foregoing paragraph.

43. Title II of the ADA provides that "… no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

44. Defendants have violated and continue to violate the ADA at LA Tech by failing to make the paths of travel, doors, bathrooms, and buildings accessible to persons with disabilities, and thereby excluding from participation, denying benefits, and otherwise discriminating against individuals with disabilities, on the basis of disability, in the programs, services, and activities offered on campus.

45. Defendants have caused the Advocacy Center to divert funds and staff to serve the needs of clients on LA Tech's campus.

46. Additionally, the burdens created by Defendants on the Advocacy Center by failing to ensure LA Tech is accessible include impeding the Advocacy Center's ability to carry out the statutory obligations owed to individuals with disabilities that are located on LA Tech's campus. The Advocacy Center is unable to fully carry out the priorities necessary due to accessibility issues on LA Tech's campus. The ability to physically access public buildings and areas is one of the priorities of the Advocacy Center, which includes enforcing the ADA and ensuring there are no barriers to access.

47. Defendants have violated and continue to violate the ADA by failing to operate each of its services, programs, and activities, so that the programs, services, and activities, when viewed in their entirety, are readily accessible to and usable by individuals with disabilities. 28 C.F.R. 35.150(a).

## SECOND CAUSE OF ACTION – REHABILITATION ACT

48. Plaintiff re-alleges and incorporates each foregoing paragraph.

49. The Rehabilitation Act of 1973 is binding on Defendant LA Tech by virtue of Defendant's receipt of federal financial assistance paid to Defendant on behalf of its students.

50. Since 1973, LA Tech has been under a duty to "operate each program or activity so that the program or activity, when viewed in its entirety, is readily accessible to and usable by [individuals with disabilities]." 28 C.F.R. §41.57(a).

51. Since 1973, LA Tech has had a further obligation not to discriminate against individuals with disabilities under any of its programs, activities, or services.

52. Defendants have failed to provide individuals with disabilities with benefits and services that are as effective in affording equal opportunity to gain the same benefit as members of the community who do not have disabilities.

53. Defendants' actions and failures to act, described above, have violated, and continue to violate, the Rehabilitation Act of 1973, as amended.

## VI. **PRAYER FOR RELIEF**

54. Because individuals with disabilities will continue to experience unlawful discrimination as a result of Defendants' failure to comply with Title II of the ADA and the Rehabilitation Act, injunctive relief is necessary in order to require Defendants to provide non-discriminatory programs, services, and activities which are readily accessible to, and usable by, persons with disabilities.

55. Plaintiff is also entitled to a declaratory judgment concerning each of Defendants' statutory violations and specifying the rights of Plaintiff and other person with disabilities as to Defendants' program, activities, and services.

56. Therefore, Plaintiff requests that this Court:

   A. Issue a permanent injunction, requiring Defendants, their agents, servants, and employees, and all persons in active concert with Defendants, to make all necessary modifications to LA Tech's programs, services, activities, and architectural barriers that prevent ready access to, and use by, individuals with disabilities and enjoining them from violating Title II of the ADA and the Rehabilitation Act by discriminating against individuals with disabilities in the use of Defendant's programs, services, and activities;

   B. Enter a declaratory judgment, specifying Defendants' statutory violations and declaring the rights of individuals with disabilities as to Defendants' programs, services, and activities;

C. Find that Plaintiff is the prevailing party in this case and award any attorney fees, costs, and expenses; and

D. Order such other relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/Amitai Heller
Amitai Heller, La. Bar No. 36495
Melanie Bray, La. Bar No. 37049
Ronald Lospennato, La. Bar No. 32191
Jonathan Trunnell, La. Bar No. 36956
Advocacy Center
8325 Oak Street
New Orleans, Louisiana 70118
Phone: (504) 522-2337, ext. 116
Facsimile: (504) 522-5507
aheller@advocacyla.org